# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 73093-2-I |
| Respondent, | DIVISION ONE |
| v. | |
| GEOVANNI HERRERA-PELAYO, | UNPUBLISHED |
| Appellant. | FILED: August 1, 2016 |

Cox, J. — Geovanni Herrera-Pelayo appeals his judgment and sentence for unlawful imprisonment, challenging the court's imposition of several legal financial obligations. Because Herrera-Pelayo failed to object at sentencing and does not raise manifest constitutional errors under RAP 2.5(a)(3), we decline to address these arguments and affirm the court's judgment and sentence.

Herrera-Pelayo was convicted of unlawful imprisonment. The jury also found by special verdict that he committed this crime against a member of his family or household.

The trial court sentenced Herrera-Pelayo. As part of his sentence, the court ordered him to pay certain legal financial obligations (LFOs). Herrera-Pelayo did not object to the LFOs.

Herrera-Pelayo appeals.

## LEGAL FINANCIAL OBLIGATIONS

Herrera-Pelayo argues that the trial court erred when it ordered him to pay certain LFOs. We hold that he failed to preserve these arguments for appeal.

Some LFOs are mandatory while others are discretionary.[1] Here, the court imposed both mandatory and discretionary LFOs. The court ordered Herrera-Pelayo to pay a $500.00 victim assessment fee, a $100.00 domestic violence assessment fee, a $200.00 criminal filing fee, and a $100.00 DNA collection fee, for a total of $900.00.

The victim assessment fee, criminal filing fee, and DNA collection fee are mandatory LFOs.[2] Only the domestic violence assessment fee is discretionary.[3]

Herrera-Pelayo argues that the criminal filing fee is also discretionary. The plain language of the relevant statute shows otherwise.

RCW 36.18.020(2), the statute at issue, provides that the superior court clerk "shall collect" certain fees. One of those fees is the criminal filing fee. It states, in part, "Upon conviction or plea of guilty . . . an adult defendant in a criminal case *shall* be liable for a fee of two hundred dollars."[4] The word "shall" indicates that this fee is mandatory.[5]

---

[1] Compare RCW 43.43.7541 with RCW 10.99.080.

[2] RCW 43.43.7541; RCW 7.68.035; RCW 36.18.020(2)(h).

[3] RCW 10.99.080.

[4] RCW 36.18.020(2)(h) (emphasis added).

[5] Goldmark v. McKenna, 172 Wn.2d 568, 575, 259 P.3d 1095 (2011).

Herrera-Pelayo argues that the word "liable" is ambiguous. He argues that this term can include a "'future possible or probable happening that may not occur.'"[6] Black's Law Dictionary does state that, when referring to a person, "liable" can mean "subject to or *likely to incur*" a fine.[7]

In this context, it is clear that a convicted defendant is subject to the filing fee. The criminal filing fee is one of the fees that the clerk "shall collect."[8] This mandatory language indicates that a convicted defendant is not merely likely to incur the fee, but rather that the defendant is subject to the fee.

Herrera-Pelayo appeals the imposition of both the mandatory LFOs and the discretionary domestic violence assessment fee. We address his contentions, in turn.

### Mandatory LFOs

Herrera-Pelayo argues that imposing mandatory LFOs on indigent defendants violates substantive due process. He also argues that this is a manifest constitutional issue that may be raised for the first time on appeal under RAP 2.5(a)(3). We disagree.

In State v. Shelton,[9] this court recently rejected similar arguments. This court held that the alleged error was not manifest because the record

---

[6] Reply Brief of Appellant at 3 (quoting BLACK'S LAW DICTIONARY 915 (6th ed.1990)).

[7] BLACK'S LAW DICTIONARY 1055 (10th ed. 2014) (emphasis added).

[8] RCW 36.18.020(2).

[9] No. 72848-2, 2016 WL 3461164 (Wash. Ct. App. June 20, 2016).

"contain[ed] no information about [Shelton's] future ability to pay the mandatory [LFO]."[10] Similarly, the court held that Shelton's substantive due process claim was not ripe for review until the State sought to enforce collection of the LFO.

Shelton's reasoning also applies to Herrera-Pelayo's case. The record does not indicate that the State seeks to enforce collection of the mandatory LFOs. And the record is not developed on his current or future ability to pay.

*Discretionary LFOs*

Herrera-Pelayo argues that the trial court imposed discretionary LFOs without considering his present or future ability to pay. Because he raises this argument for the first time on appeal, we decline to address it.

Under RCW 10.01.160(3), a trial court cannot order a defendant to pay discretionary LFOs "unless the defendant is or will be able to pay them." Thus, "The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay."[11]

But "A defendant who makes no objection to the imposition of discretionary LFOs at sentencing is not automatically entitled to review."[12] And appellate courts generally decline to review issues raised for the first time on appeal.[13]

---

[10] Id. at *7.

[11] State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015).

[12] Id. at 832.

[13] Id. at 834.

Here, Herrera-Pelayo did not object to the imposition of the domestic violence assessment fee. And he fails to make a convincing showing why we should reach this issue.

Herrera-Pelayo argues that this court should exercise its discretion to reach the issue of discretionary LFOs because the supreme court has recently done so.

This is unpersuasive. The supreme court noted that "[e]ach appellate court must make its own decision" whether to exercise its discretion to hear an unpreserved issue.[14] We do so here in declining to reach the issue.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Trickey, ACJ_                    _Becker, J._

---

[14] Id. at 835.